UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| BRIAN FRY, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:19-cv-210-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| WARDEN J.A. BARNHART, ) | **&** |
| ) | **ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the 28 U.S.C. § 2241 petition and related documents filed by Petitioner Brian Fry, an inmate at the Federal Correctional Institution—Manchester in Manchester, Kentucky. Proceeding without an attorney, Fry challenges the Federal Bureau of Prisons's ("BOP") calculation of his sentence. [R. 1.] Specifically, Fry contends that the BOP is unconstitutionally denying him early release under 18 U.S.C. § 3621(e) and 28 C.F.R. § 550.55(b). For the reasons that follow, Fry's petition will be **DENIED**.

In 2008, Fry pled guilty to a money laundering conspiracy in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B). *See United States v. Fry*, Case No. 6:07-cr-47-RAW (E.D. Okla. 2008), R. 405 therein. The Eastern District of Oklahoma sentenced Fry to a term of two hundred forty months in prison. [*Id.*] According to Fry's habeas petition, corrections officers at FCI-Manchester determined that Fry was eligible to participate in the Residential Drug Abuse Program ("RDAP"), completion of which sometimes result in a shorter sentence. However, Fry was told that, although he could participate in RDAP, he would be ineligible for a sentence reduction upon RDAP completion. [R. 1-1 at 5.] Fry claims the BOP has arbitrarily revoked his eligibility for a sentence reduction and, thus, has violated his right to procedural due process.

[*Id.*] Pursuant to 28 U.S.C. § 2243, Fry's petition is now before the Court for a preliminary screening.

Upon the Court's initial screening, a § 2241 petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Fry's petition under a more lenient standard because he is proceeding without an attorney, and, at this stage of the proceedings, the Court accepts his factual allegations as true and construes all legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Despite the leniency afforded to *pro se* petitioners, the Court will deny Fry's petition. Pursuant to 18 U.S.C. § 3621(e)(2)(B), the BOP may reduce the length of incarceration for certain nonviolent offenders as an incentive for their completion of a residential substance abuse treatment program, such as RDAP. The BOP exercises discretion regarding whether to grant RDAP graduates early release or modified conditions of confinement, and even when an inmate successfully completes RDAP, the BOP still enjoys the discretion to deny that inmate early release. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001); *Orr v. Hawk*, 156 F.3d 651, 653-54 (6th Cir. 1998).

Fry dedicates a portion of his petition to addressing whether his conviction for conspiracy to commit money laundering was a violent or nonviolent offense [*see, e.g.*, R. 1-1 at 5-7], but that point is ultimately immaterial. An inmate's ability to participate in RDAP and whether or not that participation results in a reduction to the inmate's sentence are matters solely committed to the BOP's discretion. 18 U.S.C. § 3621(e) "does not implicate a constitutionally-protected

liberty interest because it does not mandate a sentence reduction." *Heard v. Quintana*, 184 F. Supp. 3d 515, 519 (E.D. Ky. 2016). Accordingly, Fry "has no liberty interest in discretionary release from prison prior to the expiration of his or her sentence. Nor does a prisoner have a liberty or property interest in participating in a prison rehabilitation program." *Id.* (internal citations omitted); *see also Sesi v. U.S. Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950, *2 (6th Cir. 2000) (noting same); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (same).

Finally, to the extent Fry contends the BOP failed to abide by its own regulations and Program Statements [see R. 1-1 at 6-7], he is still not entitled to habeas relief. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison", not to "confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). An agency's alleged failure to adhere to its own policies does not on its own state a due process claim. *See, e.g.*, *Bonner v. Federal Bureau of Prisons,* 196 F. App'x 447, 448 (8th Cir. 2006) ("[A] violation of prison regulations in itself does not give rise to a constitutional violation.").

Accordingly, the Court hereby **ORDERS** as follows:

1. Petitioner Brian Fry's petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3. Judgment shall be entered contemporaneously herewith.

This the 7th day of October, 2019.

Gregory F. Van Tatenhove
United States District Judge